Note.—See under (1), 2 C. J. p. 960, §731; 21 R. C. L. p. 827; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1432; 6 R. C. L. Supp. p. 1285. (2) 22 C. J. p. 333, §374; p. 423, §506; p. 426, §508. (3) 37 C. J. p. 992, §381. (4) 4 C. J. p. 853, §2834; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 94; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (5) 40 C. J. p. 1129, §761.

---

## EMPLOYERS CASUALTY CO. et al. v. McQUILLIAM et al.

No. 18078. Opinion Filed Jan. 24, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Review—Findings Unsupported by Evidence.**

Where there is no evidence tending to support a finding of fact made by the State Industrial Commission, such question becomes one of law for the determination by this court.

**2. Same—Finality of Findings Supported by Evidence.**

Such findings of fact made by the State Industrial Commission as are supported by competent evidence are final, and will not be disturbed by this court.

Commissioners' Opinion, Division No. 2.

Original action in the Supreme Court by

the Employers Casualty Company et al. to review an award of the Industrial Commission in favor of Robert McQuilliam. Petition denied.

Cheek & McRill, for petitioner.

Streeter Speakman (by courtesy of the Attorney General), for respondent.

Harry E. Brill, for respondent W. E. Carpenter.

DIFFENDAFFER, C. This is an original action in this court to review an award of the State Industrial Commission. The claimant, Robert McQuilliam, was awarded compensation at $18 per week, from May 8, 1925, to and including October 18, 1926, less $119 theretofore paid, amounting to $1,237 in full under the award, without prejudice, however, to the right to a determination of the extent of claimant's disability subsequent to the 18th day of October, 1926, upon proper application.

The award was for temporary total disability. The Commission found that the question whether or not claimant had sustained any "temporary or permanent disability or permanent loss of vision, or the extent of such disability or loss of vision, is undeterminable at this time."

The claimant suffered accidental injury while engaged as a common laborer in replacing a drilling rig with a lighter one on the lease of Minnehoma Oil & Gas Company. The Industrial Commission found that claimant was an employee of one W. E. Carpenter; that Carpenter was an independent contractor for the Minnehoma Oil & Gas Company. The Commission further found that the Minnehoma Oil & Gas Company was engaged in hazardous employment; that it had failed to require Carpenter to provide compensation insurance for his employees; that the Employers Casualty Company was the insurance carrier for the oil and gas company, and the award was against W. E. Carpenter, primarily, and against the oil and gas company and its insurance carrier, secondarily.

It is first contended that the Employers Casualty Company is not liable under the findings of the Commission that Carpenter was an independent contractor.

We are aware of the well-established rule, and the law, that findings of fact by the Industrial Commission are binding on this court when there is any evidence to support such findings. It follows that, where there is no evidence to support findings, and the uncontradicted evidence is

contrary thereto, the question of liability then becomes a pure question of law for determination by this court. Fitzsimmons v. State Industrial Commission, 108 Okla. 276, 236 Pac. 616.

We have carefully examined the evidence in the record, and fail to find any evidence to support the finding that Carpenter was an independent contractor. On the other hand, we think, under the undisputed evidence, that Carpenter was not an independent contractor. Carpenter was the only witness that testified, with reference to the nature of his dealings with the oil company. He testified that his wages were $12 per day; that, in addition, he was paid expenses of his car, expenses of tools, etc.; that he hired the men, including claimant, and paid them; that he turned into the company in a lump sum the expenses he had been out, and the company would reimburse him. He further testified that he could in no way make a profit out of the work of the men; that his only compensation was the $12 per day wages he received, plus the expenses of his car. He testified a number of times to this arrangement, and finally as follows:

"Q. How much per day were your wages? A. $12. Q. And they would pay your expenses that you had been out hiring other men, plus $12 per day? A. Yes, sir. They wished to have this job done during that day and were in a big hurry for it."

And further:

"Q. Who called you to do this particular work? A. I was called from the lease by the lease superintendent. Q. And this lease superintendent had authority to direct you how to do this work? A. Yes, sir. Q. And he did that? A. Yes, sir. Q. He directed what he wanted done, and the way he wanted it done? A. He told me how he wanted it done, and I did it as he said. Q. And you understood you were working for him? A. Yes, sir. Q. Subject to his control and authority? A. Well, not that he stood over me all the time, no. Q. But you were subject to what he wanted done? A. Yes, sir. Q. And subject to what he chose to have you do? A. Yes."

The evidence clearly shows that Carpenter was an employee of the oil and gas company; that the company permitted him to hire other help, and he would advance them their pay from time to time, and the company would merely reimburse him for the money thus paid out. He testified that he could not make a profit by cutting down expenses on a job in a legitimate way; that he could not hire help to pull rigs and make extra money on it. We think it clear that

claimant was an employee of the Minnehoma Oil & Gas Company. Having reached this conclusion, we deem it unnecessary to consider the contention of petitioner that that part of the amendment of the Workmen's Compensation Act (chapter 61 of the Session Laws of 1923) which provides that where a principal contractor fails to require his independent contractor to secure compensation insurance for his employees, such principal employer is liable therefor, is unconstitutional and void.

It is contended by petitioners that there was no evidence to sustain the findings of the Commission that claimant was totally disabled from the date of his injury until October 18, 1926. This contention is wholly without merit. The evidence discloses that claimant received a compound fracture of the skull, and an operation was necessary. A considerable portion of the brain tissue was lost. He was under the treatment of a physician for some 30 or 60 days, and all the evidence was that he was able to do but little work. His earnings were insignificant, amounting to but a few dollars.

There was ample evidence to support the findings of the Commission on this point, and it has been repeatedly held, and is well established, that the findings of fact by the State Industrial Commission are conclusive upon this court, where there is any competent evidence to support the same. U. S. F. & G. Co. v. Industrial Commission, 112 Okla. 230, 240 Pac. 634; Hidden Treas. Coal Co. v. Urist, 112 Okla. 245, 240 Pac. 640; Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 Pac. 98.

It is also contended that the evidence does not support the findings that $5 per day reasonably represented claimant's wage-earning capacity at the time of the accident. Carpenter testified that claimant's wages were $6 per day. Claimant testified that his wages were $5 per day at the time he was injured, and that he had worked in the oil fields since about 1913, and his wages were $120 per month.

Under the rule announced in the cases cited, this finding of fact is conclusive.

It is also contended that there is no other evidence to sustain a finding of temporary total disability, except disability resulting from impairment of vision, or permanent partial loss of vision, which is a specific injury.

As heretofore pointed out, there is evidence of compound fracture of the skull, which required an operation and treatment of the physician for 30 or 60 days. The finding of the Commission in this regard is also conclusive.

The Minnehoma Oil & Gas Company is liable to claimant directly as his employer. The Employers Casualty Company is liable as the insurance carrier of the oil and gas company. Carpenter not being an independent contractor is not liable, and no award should have been made against him.

The award should be, and is hereby, modified accordingly.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 123, §127. (2) Workmen's Compensation Acts—C. J. p. 122, §127. See under (1, 2) anno. L. R. A. 1916A, 266; L. R. A. 9117D, 178; 28 R. C. L. p. 829; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581.