**GYPSY OIL CO. v. ROOP et al.**

No. 21147. Opinion Filed Feb. 24, 1931.

Rehearing Denied May 5, 1931.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings for petitioner.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and A. F. Vandeventer, for respondent.

SWINDALL, J. This is an original proceeding on petition of the Gypsy Oil Company to review an award made by the State Industrial Commission February 5, 1930, wherein the Commission awarded C. D. Roop, one of the respondents, 80 weeks' compensation at the rate of $15.39 per week for and on account of 90 per cent. loss of vision in his right eye. The award is based on the finding of the Commission of a change of condition of respondent subsequent to a prior award made by the Commission dated June 26, 1929.

The respondent C. D. Roop was injured August 18, 1928. while bursting down a concrete wall with a sledge hammer, and a piece of concrete flew into his right eye. On September 26, 1928, he was discharged from the above position because he was unable to work. He filed a claim for compensation with the Industrial Commission for partial permanent disability for 80 per cent. loss of vision in his right eye. On June 12, 1929, testimony was taken before T. G. Bryan, chairman of the State Industrial Commission, at Bartlesville, Okla. On June 21, 1929, testimony was taken before Commissioner L. B. Kyle at Tulsa, Okla.

The Industrial Commission, after considering the testimony offered in the two hearings prior to June 26, 1929, on that date made its findings, decision, and award as follows:

"The Commission having reviewed the testimony taken at said hearing, all records on file and being otherwise well and sufficiently advised in the premises, finds:

"That on August 8, 1928, claimant sustained an accidental personal injury arising out of and in the course of his employment with respondent while engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, which said injury resulted in a temporary total disability for a period of six days; that no permanent disability resulted from said injury;

"The Commission further finds: That claimant has been paid compensation in

an amount exceeding that to which he would be entitled under the law.

"It is therefore ordered: That the payment of compensation heretofore made claimant be and the same is hereby approved, and this cause dismissed."

There is apparently a mistake in the findings as to the date the accidental injury occurred. There is no dispute as to the injury occurring on August 18, 1928, instead of August 8, 1928, as stated in the findings.

On September 16, 1929, a motion was filed by claimant for rehearing in which the claimant moved the Commission to grant a rehearing in said cause for the following reasons:

"(1) That neither the claimant, C. D. Roop, nor his attorney, A. F. Vandeventer, ever received notice of the order dismissing said cause and that the same was unknown to claimant until the 11th day of September, 1929, when claimant's attorney, A. F. Vandeventer, visited the office of the Honorable Commission at Oklahoma City, Okla., and there for the first time learned that said order of dismissal had been made.

"(2) Claimant further states that there is a changed condition in his injury for the worse and that there is danger that he will lose the entire sight of his eye, and that said injury was caused wholly as the result of having injected into his eye, foreign matter, while in the employ of respondent, Gypsy Oil Company.

"(3) That claimant has additional testimony that he desires to present for the consideration of the Honorable Commission and that a grave injustice will be done the claimant unless he be permitted to present said testimony."

Upon this motion being filed, hearing was had upon notice and additional evidence taken. On February 5, 1930, the Commission, after reviewing the testimony taken at said hearing and the reports on file, made the following findings:

"That on August 18, 1928, claimant, C. D. Roop, was in the employment of the respondent, the Gypsy Oil Company, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment said claimant on August 18, 1928, sustained an accidental injury to his right eye, by being struck there with a piece of concrete while claimant was engaged in breaking down a concrete wall with a sledge hammer.

"That the average wage of claimant at the time of the injury was $4 per day.

"That the claimant, C. D. Roop, suffered a change in his physical condition after June 26, 1929, which has resulted in 80 per cent. permanent loss of vision to his right eye by reason of the aforesaid accidental injury.

"The Commission is of opinion: That on consideration of the foregoing facts that claimant is entitled to 80 weeks' compensation, as 80 per cent. loss of vision in his right eye, computed at the rate of $15.39 per week, in the sum of $1,231.20."

At the hearing to review the former order of the Commission no evidence was offered by the claimant, C. D. Roop, respondent herein, tending to establish that the Commission failed to send notice to respondent as required by law.

Section 7294, C. O. S. 1921, as amended by section 7, c. 61, Session Laws 1923, among other things, provides that immediately after filing its findings, decision, award or judgment, the Commission shall send to the parties a copy thereof.

Section 7297, C. O. S. 1921, as amended by section 8, c. 61, Session Laws of 1923, among other things, provides that the award or decision of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision.

This court, in Graver Corporation v. Cullum, 136 Okla. 209, 277 Pac. 265, held that:

"The State Industrial Commission does not lose jurisdiction to modify, change or set aside an order made by it until 30 days after a copy of such order shall have been sent to the parties as required by section 7294, C. O. S. 1921, as amended by section 7, chap. 61, Session Laws 1923."

However, in this case, the respondent failed to offer any testimony that notice was not sent to him as required by the Workmen's Compensation Law. The members of the State Industrial Commission are public officials, as this court in Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 Pac. 138, held that:

"The general presumption is that public officials perform their official duties and that their official acts are regular."

So, in this case, in the absence of proof to the contrary, this court must presume that the Industrial Commission sent the

notice as required by law and this presumption continues until such time as the respondent may offer competent proof to the contrary.

This brings us to a consideration of the issue as to whether or not there was any competent evidence reasonably tending to sustain the award of the State Industrial Commission of February 5, 1930, that the claimant, C. D. Roop, suffered a change in his physical condition after June 26, 1929, **which has resulted in 80 per cent. permanent loss of vision in his right eye.**

There was competent evidence offered at the two hearings held by the State Industrial Commission prior to the time it entered its findings, conclusions, award, and order on June 26, 1929, that the 80 per cent. permanent loss of vision in the right eye of respondent was the result of an injury sustained by him prior to the time he sustained the accidental injury on August 18, 1928. There was also competent evidence before the Commission that the 80 per cent. loss of vision in claimant's right eye was caused by the accidental injury of August 18, 1928. The Commission had an opportunity of observing the witnesses, expert and nonexpert, who testified before them. They also had an opportunity of observing the scar on the right eyeball near the pupil of the eye of claimant in order to determine whether it was of recent origin or an old scar.

Upon this testimony, the Commission on June 26, 1929, entered its findings and conclusions and order that no permanent disability resulted to the eye of respondent from said injury and dismissed said cause. This was a general finding against the claimant, that he had partial permanent disability of his right eye, as a result of the injury of August 18, 1928.

This court held in Conner v. Warner, 52 Okla. 630, 152 Pac. 1116, that:

"Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

We think the record clearly shows that the claimant had a permanent loss of 80 per cent. of vision in the right eye at the time the Industrial Commission entered its order on June 26, 1929. The question for the Industrial Commission to determine at that time was whether or not the permanent loss of 80 per cent. of vision in the right eye was the result of the accidental injury of August 18, 1928, or the result of some other injury. The Commission found that no permanent disability resulted from said injury, which was a finding that the condition of the eye was the result of some other cause. Upon the hearing by the Commission to determine whether or not there had been a change in the physical condition of claimant, after taking testimony, the Commission, on February 5, 1930, found that the claimant had 80 per cent. loss of vision in his right eye.

In our opinion this evidence wholly fails to establish the fact that there had been a change in his condition since the date of the findings and award on June 26, 1929, for the reason the record discloses that claimant had 80 per cent. loss of vision in the right eye at that time.

By the provisions of section 7294, C. O. S. 1921, as amended by section 7, c. 61, Session Laws 1923, the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only where there is some competent evidence to support such decision, and where there is absolutely no evidence to support such findings and decision, the same may be reviewed as a matter of law. Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862; Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303: Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600; Glasgow v. State Industrial Commission, 120 Okla. 37, 250 Pac. 138; Employers Casualty Co. v. Quilliam, 130 Okla. 116, 265 Pac. 644.

There being no evidence to sustain the finding of the State Industrial Commission that there has been a change in the physical condition of claimant after June 26, 1929, which has resulted in 80 per cent. permanent loss of vision in his right eye by reason of the aforesaid accidental injury, the award of the State Industrial Commission is reversed, with directions to the Industrial Commission to take such further action as they may deem proper consistent with the views herein expressed.

RILEY, CULLISON, ANDREWS. and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and KORNEGAY, J., dissent. HEFNER, J., not participating.