**PURE OIL CO. et al. v. PHILLIPS et al.**

No. 21787.   Opinion Filed Feb. 16, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J.   This is an original proceeding before this court to review an award of the State Industrial Commission to Leonard Phillips on September 5, 1930.

The record in this case discloses the following pertinent facts:

Claimant filed claim for compensation August 24, 1929, alleging that, on July 14, 1929, while carrying a heavy pipe, he sustained a ruptured appendix. Said application further stated claimant quit work immediately after the accident and was treated by Dr. Albert Enrest of Muskogee, who pronounced his ailment as a ruptured appendix and advised him that an operation for the diseased appendix was indicated. The petitioners herein, respondents below, filed answer on September 6, 1929, denying that claimant was injured by accident arising out of and in the course of his employment on July 14, 1929; denying that the disability complained of was the result of an accidental injury for which they would be liable to claimant for compensation; and alleging that claimant did not give proper notice of his alleged injury within a reasonable time, and therefore their rights have been prejudiced.

The cause was regularly set for hearing at Muskogee and was heard by Commissioner F. L. Roblin on October 30, 1929. At the conclusion of the testimony adduced at said hearing, the following proceedings were had:

"By G. H. Duffy:   Comes now the respondent and insurance carrier and moves that this cause be dismissed and compensation denied, for the reason the testimony of the doctors shows that the claimant was suffering from an attack of appendicitis, and not from any injury for which he would be entitled to compensation. By the Court: The motion is sustained. By George P. Watkins (for claimant):   Exception."

This ruling of the Commission sustaining the respondent and insurance carrier's motion was subsequently incorporated in an order made on November 19, 1929, by the

trial Commissioner, F. L. Roblin, which said order found that any disability suffered by the claimant on and subsequent to July 14, 1929, was a result of the disease of appendicitis, and that such disease was not caused nor aggravated by the alleged accidental injury, and that by reason of the fact claimant's claim for compensation should be denied.

Said order was submitted to the Commission but not adopted. Thereafter, on September 5, 1930, almost a year from the date of said hearing at Muskogee and the unapproved order made at the close of the said hearing, the Industrial Commission, through Chairman Doyle and Commissioner McElroy, made and entered an order in this cause in favor of the claimant. Said order of September 5, 1930, was made without any hearing subsequent to that had at Muskogee, and with no further evidence before it than that contained in the record at the time the unapproved order of the trial Commissioner was entered in the record a year before. These statements are easily verified by an examination of the record in the case at bar.

Said order of September 5, 1930, is the order complained of in the proceeding before this court, and appears in words and figures as follows, to wit:

### Order.

"Now, on this 5th day of September, 1930, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Muskogee, Okla., October 30, 1929, before Commissioner F. L. Roblin, at which hearing the claimant appeared in person and by his attorney, George F. Watkins, respondent and insurance carrier being represented by G. H. Guffy, to determine liability and extent of disability, and the Commission after reviewing the testimony taken at said hearing, the reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That on July 14, 1929, claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment,

"(2) That the average daily wage of the claimant at the time of said accidental injury was $4 per day.

"(3) That by reason of the aforementioned accidental injury the claimant sustained a hernia.

"Upon consideration of the foregoing facts, the Commission is of the opinion: That the claimant is entitled to eight weeks' compensation at the rate of $15.39 per week, or a total of $123.12, on account of said hernia so sustained by him, and that the respondent and the insurance carrier should tender to the claimant an operation for the repair of said hernia within 30 days, and that if said operation is not tendered by respondent and insurance carrier, that the claimant should be paid the sum of $150 for the repair of said hernia.

"It is therefore ordered: That within ten days that the respondent or insurance carrier pay to the claimant the sum of $123.12, or eight weeks' compensation at the rate of $15.39 per week, and shall also tender the claimant an operation for the repair of said hernia, and if said operation is not tendered the claimant within 30 days, that the respondent and insurance carrier pay to the claimant the sum of $150 for the repair of said hernia so sustained by him.

"It is further ordered: That within 30 days from this date the respondent or insurance carrier file with the Commission receipt or other proper reports evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order, the roll was called and the following voted aye: Doyle, Chairman; McElroy, C."

Petitioners contend said award should be reversed and the case remanded with directions to the Industrial Commission to dismiss claimant's claim, and state their reasons therefor under three propositions, the first one being:

### Proposition 1.

"There is no competent evidence to support the findings of the Commission that claimant sustained a hernia."

A careful examination of the testimony in the record fails to reveal a single line of testimony to the effect that claimant had a hernia. All of the evidence was to the effect that the claimant was suffering from a diseased appendix which had burst, leaving an appendicial abscess, and said evidence is conclusive. The finding of the Commission that claimant suffered a hernia injury is wholly unsupported by the evidence.

Attorneys for the claimant and the Industrial Commission file an instrument ordinarily called "Brief of Respondents," but, in this instance, labeled merely a "Statement." Said statement is one page in length, and sets out the facts in the case, how the injury occurred, and that the doctors all agreed claimant's ailment was

a ruptured appendix. The closing paragraph in said statement reads as follows:

"We have found no decision by any court which holds that appendicitis constitutes a hernia. We, therefore, submit the foregoing statement to the court without further comment for its decision in the case."

We regard such as a practical admission that the award is erroneous and should be reversed and set aside.

It becomes unnecessary to consider the remaining two assignments of error as set out by petitioners herein.

Under the well-known rule, in cases where there is no competent evidence to support an order of the Industrial Commission or a material finding therein, this court, as in a law case, will reverse the same.

In the case of Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444, at page 106, Okla. Reports, thereof, this court said:

"By the provisions of section 7294, C. O. S. 1921, as amended by section 7, c. 61, Session Laws 1923, the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only where there is some competent evidence to support such decision, and, where there is absolutely no evidence to support such findings and decision, the same may be reviewed as a matter of law. Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 P. 862; Hogan v. State Industrial Commission, 86 Okla. 161, 207 P. 303; Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600; Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138; Employers' Casualty Co. v. McQuilliam, 130 Okla. 116, 265 P. 644."

In the case of U. S. Gypsum Co. v. Mc-Michael, 146 Okla. 74, 293 P. 773, this court said:

"The findings of fact by the State Industrial Commission are conclusive upon this court, and will not be reviewed where there is any competent evidence to support the same, but in the absence of any competent evidence to support such findings of fact and the resulting award based thereon, the question of liability becomes a pure question of law for the determination of this court."

In the case of El Reno Mill & Elevator Co. v. Kennedy, 149 Okla. 303, 300 P. 382, this court used the following language:

"Findings of fact made by the State Industrial Commission are conclusive where there is any evidence to support the same, but where there is an entire absence of evidence on which to base the material finding

necessary to support an award of compensation, this court must declare as a matter of law that an award based on such unsupported material finding is unauthorized."

The record contains not a single line of testimony to the effect that the claimant sustained a hernia injury. The first time the word "hernia" appears in the record is in the award of the Commission on September 5, 1930, which award is now before this court for review. The proof is conclusive that claimant had appendicitis.

The Compensation Act makes no provision for compensation for appendicitis or for the tender of an operation for such ailment. And proof that claimant has appendicitis is not proof that he has a hernia and needs an operation to repair it.

The order and award of the State Industrial Commission made September 5, 1930, in favor of Leonard Phillips, is reversed, set aside, and held for naught, and the case is remanded, with directions to the Industrial Commission to dismiss claimant's claim.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) 28 R. C. L. 827; R. C. L. Perm. Supp. p. 6254.