ROOP v. GYPSY OIL CO. et al.

No. 22629. Opinion Filed March 29, 1932.

A. F. Vandeventer, for petitioner.

James B. Diggs, Wm. C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for respondent.

RILEY, J. The petitioner brings this action to review an order of the State Industrial Commission denying compensation.

This action involves the same accidental injuries as were involved in Gypsy Oil Co. v Roop, 148 Okla. 104, 299 Pac. 444. Therein proceedings were brought to review an award made by the State Industrial Commission in favor of claimant and against the Gypsy Oil Company. It was, in effect, held that on account of the failure of claimant to present any evidence in support of his motion for a rehearing of a former order based upon the proposition that no notice had ever been given to claimant, the only question properly before the Commission was whether there was a change in the physical condition of claimant after June 26, 1929 (the date of the first order in which it was held that claimant suffered no permanent disability on account of the accidental injuries), which resulted in 80 per cent. loss of vision in his right eye by reason of the accidental injury involved. It was also held that there was no evidence to sustain the findings of the Commission that there had been such change. The award was reversed, with directions to the Industrial Commission to "take such further action as they may deem proper consistent with the views herein expressed."

Thereafter claimant filed with the Commission a motion to set case for further hearing, in which it was stated:

"The award of the State Industrial Commission in said cause was reversed with directions to the Industrial Commission to take such further action as they may deem proper consistent with the views expressed in said opinion.

"Wherefore, claimant prays that said cause be set for hearing to determine extent of disability of said claimant, on the Tulsa docket at Tulsa, Okla."

The Commission first denied the motion, but thereafter set the order aside and the cause was assigned for hearing, "on the motion of claimant to determine extent of disability."

At the hearing claimant offered some evidence apparently intended to show that he had never received notice of the original findings and order of the Commission. This evidence was afterwards stricken. Claimant then offered evidence tending to show that at the time he had about 85 per cent. loss of vision in his right eye.

During the hearing the attorney for claimant stated:

"By Mr. Vandeventer: I am not complaining about the finding. In the first hearing, it was agreed by all the doctors that he had 80 per cent. loss of vision. Now, afterwards, Doctor Green testified that the man had 85 per cent., and he testified recently that it was 85 per cent."

The Industrial Commission first made a finding and order to the effect that the application to reopen should be denied without giving any reasons therefor, and entered an order to that effect. Thereafter, the Commission on its own motion set aside the order theretofore made, reciting that there was error therein, and entered an order vacating and setting aside the award of February 5, 1930, as directed by the mandate of this court, and further ordered as follows:

"And both sides having tendered evidence, and the Commission being otherwise well and sufficiently advised in the premises, finds that the application to reopen said cause should be, and the same is hereby

denied for the reason that the judgment of the Supreme Court is final and conclusive and the Commission is without jurisdiction to proceed further in the case or entertain claimant's motion."

It is this order that claimant seeks to have reviewed. There is no merit in the contention of petitioner. The question of want of notice of the first order was waived by claimant when up'on his motion for rehearing, he failed to present any evidence thereon and chose to proceed upon the ground of change of condition alone, and was not again raised in the last motion to take further evidence.

Though the Commission be in error as to its power to take further evidence under the decision and ruling of this court in the former appeal, its order denying compensation must be affirmed. The most that is contended for is a change of condition amounting to a permanent loss of an additional five per cent. vision in the right eye, which would entitle claimant, if true, to not more than five weeks' compensation at $15.39 per week, or a total of $76.95. It is conceded that he had already received $92.34, or comp'ensation for six weeks. It is also conceded that the claimant suffered no temporary total disability as he returned to work the next day after the accident, and was paid full wages for all the time for which he drew compensation. Therefore, he has been paid more than he was entitled to under the most favorable view of the evidence offered.

The order of the Commission is, therefore, affirmed, and the case is ordered closed, subject to be reopened only upon showing further change of condition

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER and CULLISON, JJ., absent.