## SKELLY OIL CO. v. GOODWIN et al.

No. 24702. April 24, 1934.

142

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and C. L. Swim, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondents.

OSBORN, J. C. H. Goodwin, claimant herein, was injured on May 26, 1926, while in the employ of the Skelly Oil Company, petitioner. The injury was reported on July 2, 1926, and compensation for temporary total disability was paid to the amount of $108. On August 5, 1926, a final settlement was approved by the Industrial Commission upon the termination of temporary total disability.

A motion to reopen on the ground of a change of condition was filed and heard by the Commission, and on May 4, 1927, was denied.

A second motion to reopen was filed on May 28, 1930, and after a hearing, an order was made by the Commission on September 23, 1931, in which the Commission found that claimant had suffered a change of condition and ordered the cause reopened and compensation to be paid at the rate of $11.54 per week for a period not to exceed 300 weeks, beginning May 28, 1930.

Petitioner appealed to this court from the above order, and the cause was affirmed (158 Okla. 288, 13 P. [2d] 135). The mandate was issued on August 2. 1932, and in pursuance thereof, the Commission entered its order on August 10, 1932.

On March 1, 1933, petitioner filed a motion before the Commission to modify the order issued in pursuance to the mandate of this court, which motion was denied, and from which order petitioner has appealed.

Petitioner relies upon the following cases: Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78; Industrial Track Construction Co. v. Colthrop, 162 Okla. 274, 19 P. (2d) 1084; Stanolind Pipe Line Co. v. Hudson, 163 Okla. 73, 20 P. (2d) 1037; Harrington v. Miller, 164 Okla. 122, 22 P. (2d) 1000, and Oklahoma Gas & Electric Co. v. Streit, 164 Okla. 110, 23 P. (2d) 214.

On the basis of the above decisions, petitioner contends that the 300 weeks began on August 5, 1926, instead of May 28, 1930, and that the order in effect is for a period of more than 300 weeks, and consequently is in excess of the jurisdiction of the Commission and is void to the extent of the excess. Those cases were appeals from the Industrial Commission and not collateral proceedings to vacate.

Section 13363, O. S. 1931, provides that the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days an action is commenced in the Supreme Court to review such award or decision. It has been repeatedly held that, considering the above section, together with sections 13362 and 13391, O. S. 1931, the Commission has a continuing power and jurisdiction to review its award on the ground of a change in condition only, and the award is final and conclusive on all questions within its jurisdiction unless proceedings are commenced in this court within 30 days to review the award or decision. American Oil & Ref. Co. v. Kincannon, 154 Okla. 129, 3 P. (2d) 877; Marland Prod. Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Pet. Corp. v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Bedford-Carthage Stone Co. v. Industrial Commission, 119 Okla. 231, 249 P. 706.

The above authorities are applicable here. It is contended that the order was void since it was in excess of jurisdiction of the Commission. Such contention is without merit. The Commission had jurisdiction to enter an award for 300 weeks and to determine the date of commencement thereof. The award was entered for 300 weeks, and the determination was made. If the Commission erred in determining the date of commencement of payment thereof, said error was subject to correction by appeal, but it would not subject the award to collateral attack.

The Commission did not err in overruling petitioner's motion to modify. The award is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. ANDREWS, BAYLESS, and BUSBY, JJ., absent.