### TEXAS CO. et al. v. ATKINSON et al.

No. 26941. Nov. 10, 1936.

Rehearing Denied Dec. 8, 1936.
Application for Leave to File Second Petition for Rehearing Denied Dec. 22, 1936.

Thos. H. Owen and Edgar Fenton, for petitioners.

B. C. Davidson, G. A. Krueger, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Texas Company and its insurance carrier, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent T. W. Atkinson. In this opinion the parties will be referred to as petitioners and respondent. The parties concede that on November 5, 1932, respondent sustained an accidental injury to his left eye, resulting in its loss and removal, and that petitioners furnished necessary medical attention and hospitalization and paid respondent compensation for the period of resulting temporary total disability. The record shows that on June 17, 1933, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation, wherein he alleged that as a result of the accident he had sustained the loss of one eye, the impairment of the vision of the other, and a kidney infection. On June 24, 1933, the petitioners filed with the commission a motion to discontinue compensation wherein they alleged that respondent's temporary total disability had terminated on June 8, 1933, and that any disability remaining was of a permanent nature, and that if respondent had any disability of a permanent nature other than that due to the loss of an eye, such further disability was not attributable to the injury sustained by the respondent on November 5, 1932, and requested the commission to determine the extent of respondent's disability and the petitioners' liability thereon. On the same day the respondent filed with the commission a motion wherein he alleged that

in addition to the loss of his eye, the vision of his other eye had been impaired, and that the infection from his eye injury had spread to other parts of his body and settled in his kidneys, and he too requested the commission to determine the extent of his permanent disability. On the issues thus presented the commission proceeded to hear the parties, and on September 22, 1933, entered an order and award, the relevant portions of which are as follows:

"(1) That on the 5th day of November, 1932, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental injury, arising out of and in the course of his employment, said injury being the loss of his left eye.

"(2) That at the time of said accidental injury, the claimant's average daily wage was $3.60.

"(3) That by reason of said accidental injury, that the claimant was temporarily totally disabled from performing ordinary manual labor from the date of said accidental injury, November 5, 1932, to and including the 8th day of June, 1933, for which claimant has been paid compensation in the total sum of $415.50—more or less, being for 30 weeks at $13.85 per week.

"(4) That respondent filed his motion to discontinue compensation on the 24th day of June, 1930, and in said motion directing the commission to determine the extent of permanent partial disability, if any.

"(5) The commission finds that the claimant has sustained a total loss of the left eye, by reason of the said accidental injury.

"The commission is of the opinion: On consideration of the foregoing facts, that the respondent's motion to discontinue compensation should be sustained."

And awarded compensation in accordance with the foregoing findings. No proceedings to review or vacate the above award were ever had and the petitioners fully complied therewith. Thereafter, on May 18, 1935, respondent applied to the commission and requested that the cause be reopened, and that he be granted further compensation on the grounds of a change for the worse in his condition. Petitioners challenged the jurisdiction of the commission to entertain this application on the theory that respondent was seeking to relitigate the same question presented at the former hearing, and urged that the order and award of September 22, 1933, was res adjudicata. The challenge was overruled and the parties were

again heard by the commission. As a result of the hearings so held the commission, on January 2, 1936, made the order and award which we are now called upon to review. The pertinent provisions of this award read as follows:

"(1) That on the 5th day of November, 1932, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental injury arising out of and in the course of his employment, said injury being to the eye—eye became infected and infection spread to kidneys.

"(2) That the time of said accidental injury, the claimant's average daily wage was $3.60.

"(3) That as a result of said accidental injury claimant was paid compensation for temporary total disability from November 5, 1932, less the five-day waiting period up to and including June 8, 1933, totaling $415.50.

"(4) That as a further result of said accidental injury the claimant was paid $1,-385, being 100 weeks' compensation at the rate of $13.85 per week for the total loss of left eye.

"(5) That the condition of the claimant has grown worse and he is totally and permanently disabled as a result of said accidental injury of November 5th, 1932."

Based upon the above findings the commission awarded respondent compensation for a period not to exceed 500 weeks less sums theretofore paid as compensation.

Petitioners, as grounds for the vacation of said award, assign six specifications of error and present them under three propositions, which may be summarized as: (a) The order and award of September 22, 1933, constituted an adjudication of the extent of permanent disability sustained by respondent as a result of his accidental injury; (b) that the sole question before the commission for determination at the hearing which culminated in the aforesaid award was the extent of respondent's disability; (c) that there is no competent evidence in the record to sustain the present award on the ground of a change in conditions.

As pointed out by Mr. Justice Osborn, in Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. (2d) 67:

"Section 13363, O. S. 1931, provides that the award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days an action is

commenced in the Supreme Court to review such award or decision. It has been repeatedly held that, considering the above section, together with sections 13362 and 13391, O. S. 1931, the commission has a continuing power and jurisdiction to review its award on the ground of a change of condition only, and the award is final and conclusive on all questions within its jurisdiction unless proceedings are commenced in this court within 30 days to review the award or decision. American Oil & Ref. Co. v. Kincannon, 154 Okla. 129, 3 P. (2d) 877; Marland Prod. Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Pet. Corp. v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Bedford-Carthage Stone Co. v. Industrial Commission, 119 Okla. 231, 249 P. 706."

By motions filed by the petitioners and respondent on June 24, 1933, the single issue presented to the commission for determination was whether the respondent had sustained as a result of the accident of November 5, 1932, any disability other than temporary total to June 8, 1933, and the loss of his left eye, both of which injuries and disabilities were admitted. The evidence of both parties was directed and confined to the single issue thus presented. The respondent sought by his evidence to establish the fact that infection as a result of the accident had settled in his kidneys and brought about a condition of permanent total disability. The petitioners in support of the allegations of their motion sought to prove that any disability of the respondent resulting from his kidneys was due to disease, and that the accident had neither caused nor contributed to such condition. The commission, in its order and award of September 22, 1933, found that the contentions of the petitioners were correct, and that the extent of the respondent's disability was confined to temporary total, which had ceased on June 8, 1933, and the loss of his left eye, all of which had been admitted prior to the hearing and award, and the commission by its order confined its award to such admitted disabilities. In so finding and sustaining the motion of the respondent the commission of necessity denied the claim of the respondent as to any disability arising from the infection in his kidneys as being attributable to the accidental injury, since this was the only controverted question presented for determination. As we have said in Skelly Oil Co. v. Gage, 172 Okla. 493, 45 P. (2d) 766:

"Under the provisions of section 7294, C. O. S. 1921 (13360, O. S. 1931), as amended by section 7, chapter 61, Session Laws 1923, it is not required that the order granting or denying an award to the claimant shall contain a finding of the facts upon which the order is based; it is necessary only that it shall contain a 'statement of its conclusion of facts' at issue and its rulings of the law applicable."

As stated by the respondent, the record clearly discloses that respondent was totally disabled as a result of the trouble with his kidneys from and after April 4, 1933, but whether this disability was attributable to his accidental injury or disease was a disputed question of fact to be determined by the commission under the motions of both parties filed with the commission on June 24, 1933. In the order and award of September 22, 1933, which was based on the motions of the parties and the evidence heard thereon, the commission found that the contention of the petitioners that the respondent's disability was not attributable to the injury was correct. As the parties permitted this order to become final, the jurisdiction of the commission to make any further award of compensation was confined to a change of condition on the part of the respondent. The respondent recognized this situation, and on May 18, 1935, applied to the commission for a further award on the ground of a change in condition. At the hearing conducted on this application, the respondent, however, wholly failed to establish any such change in condition as he was required to show under the rule announced by this court in Deep Rock Oil Co. v. Evans, 167 Okla. 66, 28 P. (2d) 7; Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; Brown Bros. v. Parks, 176 Okla. 615, 56 P. (2d) 883. The testimony of the respondent as well as that of his doctors, instead of showing any change in condition since the award of September 22, 1933, tended to and sought to prove a permanent condition of total disability on the part of the respondent which had existed at all times since the accidental injury of November 5, 1932, and particularly did it fail to disclose any change in respondent's physical ability to perform work and labor subsequent to the order and award made by the commission on September 22, 1933. Respondent's physician, Dr. Hayes, whose report is treated as a deposition, stated that he had had the respondent under observation and treatment since immediately after the order of the commission made September 22, 1933, and was to the effect that the respondent was during all of the said time totally incapacitated to work and perform labor. If this were true, and if the respondent was totally incapacitated to perform any

work or labor, then there would be no change for the worse in his condition within the meaning of the Workmen's Compensation Law. Under the record before us the contentions of the petitioners herein will have to be sustained. The order of September 22, 1933, made by the State Industrial Commission was an adjudication that the respondent's disability was not attributable to his accidental injury, and since at the hearings on change of conditions there was no competent evidence before the commission to establish a change in condition of the respondent, such as would authorize the commission to make an additional award under the provisions of the Workmen's Compensation Act, the present award was not authorized.

This court has repeatedly held that where an award of the State Industrial Commission is unsupported by any competent evidence, such award will be vacated by this court as a matter of law.

Award vacated.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY, BAYLESS, CORN, and WELCH, JJ., absent.