## PAYNE DRILLING CO. et al. v. SHOEMAKE et al.

No. 26769.   May 17, 1938.

Pierce & Rucker, for petitioners.

Davis & Herring, for respondents.

BAYLESS, V. C. J. Payne Drilling Company, an employer, petitions this court for a review of an award in favor of V. Shoemake, one of its employees.

All of the jurisdictional aspects of the claim are settled, and only the question of the extent of disability and liability are to be determined.

Employee received an injury December 11, 1930, and was paid temporary total disability for two and one-half weeks. March 11, 1932, he filed a claim for compensation on the basis of total permanent disability. This was a proper issue, for it does not appear that the issue of permanent liability had been determined. The issue was not tried, for on April 8, 1932, employer and employee filed an agreed settlement, and this was approved by the commission. In this settlement it was agreed that the resulting disability was 22½ per cent., and this was used as the basis for an erroneous calculation of the compensation. No agreement was made regarding its effect upon his ability to perform services nor the extent to which his earning power had been diminished. This injury is compensable under the other cases provision, and the parties settled for 67½ weeks (22½ per cent. of 300 weeks) at $18 per week. Without pausing to discuss this further, it is sufficient to say that the settlement was paid.

September 16, 1933, employee filed a motion to reopen the claim, and this was treated as being on the ground of a change in conditions. Hearings were held and much evidence taken. Employee's physicians fixed the extent of his disability at 60 per cent. to 75 per cent. April 20, 1934, after these hearings were completed, the commission made an order in which it found that there had not been shown a change in conditions, and denied further award.

April 8, 1935, employee filed a motion to reopen and award further compensation on the ground of a change in conditions. Hearings were held, and on October 17, 1935, an award was made finding a change in conditions and awarding employee compensation at the rate of $18 per week for 300 weeks, less what had theretofore been paid.

The commission found that there had been a change in conditions subsequent to the order of April 20, 1934, and a finding to this effect was a prerequisite to a valid order. However, it did not specify the date upon which the change in conditions occurred. It did require the payment of the award to begin "from April 20, 1934," the date of the previous order denying compensation. Since the payments begin as of the date of the change, it may be assumed that the commission intended to find that the change took place the next date after the date of its former order. The evidence does not sustain such a finding.

The employee admits that the award is erroneous in this respect, but asks this court to make a finding from the record of the time when the payments should commence, and to correct the award accordingly. We decline to do this.

The employer has presented much argument to the effect that the record is insufficient to show a change in conditions, and that there is no definite date shown, and that there is virtually an absence of evidence from which it could be determined what the loss of wage-earning capacity amounts to.

Because of the state of this record, we feel that the award should be vacated and the matter remanded to the commission for further proceedings. It is so ordered.

WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., absent.