## INDIAN TERRITORY ILLUMINATING OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 28484.   March 21, 1939.

Rehearing Denied May 2, 1939.

W. P. McGinnis, Samuel H. Riggs, Archibald Bonds, and R. R. McCracken, for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen. for respondents.

PER CURIAM.  In this proceeding the Indian Territory Illuminating Oil Company, hereafter referred to as petitioner, seeks a review of an award made by the State Industrial Commission on February 21, 1938, in favor of Ben Wells, hereafter referred to as respondent, and said respondent by cross-petition in error seeks the correction of an alleged clerical error in said award.

The essential facts as shown by the record will be briefly stated.  On December 13, 1932, the respondent while in the employ of the petitioner sustained an accidental personal injury which was compensable under the provisions of the Workmen's Compensation Act (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St Ann. sec. 1 et seq.).  The petitioner furnished medical attention and hospital care and paid compensation for a period of time on account of temporary total disability which respondent had sustained.  On March 16, 1934, the petitioner sought permission to discontinue payment of any further compensation; thereupon, on motion of respondent, the commission proceeded to conduct hearings to determine liability and extent of disability.  At said hearings the respondent contended that he had been permanently and totally disabled as the result of his injury and offered evidence to substantiate this claim.  The petitioner at the same time just as vigorously contended that respondent had not sustained any disability other than that of a temporary nature, and that he had fully recovered from his injury, and offered medical and other evidence to support this contention. The Industrial Commission declined to accept as wholly true the theory of either of the parties, but found from the evidence adduced that, in addition to a temporary total disability, respondent had sustained a permanent partial disability as a result of his injury which was compensable under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22. and by corrected order of July 26, 1934, awarded compensation for accrued temporary total disability and for permanent partial disability.  The aforesaid order became final.  Thereafter, on October 9, 1935, and again on May 15, 1936. the respondent attempted to have the cause reopened on the ground of alleged change in condition for the worse. The evidence introduced at the hearings held in connection with the aforesaid applications was deemed by the commission to be insufficient to establish any substantial change in the condition of respondent subsequent to the corrected order of July 26, 1934, and therefore the commission denied said applications by orders dated March 6, 1936, and July 9, 1936, respectively.  The respondent thereupon, on November 22, 1937, again applied to the commission to reopen the cause and to award him additional compensation, and at the hearings held on

. 69

this application offered evidence which tended to reaffirm his oft-repeated contention that he had been permanently and totally disabled ever since his injury, but which also tended to establish as a fact that he had undergone a change in his physical condition which had reduced his residual capacity to labor and perform work to the vanishing point. Upon this evidence the Industrial Commission made the award which we are now called upon to review. The pertinent findings made by the commission in connection therewith read as follows:

"That on the 13th day of December, 1932, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, consisting of an injury to his back.

"2. That the average monthly wages of the claimant at the time of the accidental injury was $103.50, making his rate of compensation $15.96 per week.

"3. That on July 9, 1934, the commission issued its order allowing claimant compensation for temporary total disability from December 21, 1932, to May 29, 1934, less the five days' waiting period, at the rate of $15.96 per week, and amounting to $1,184.04, and further ordering claimant to be paid $11.54 per week for a period not to exceed 300 weeks from May 29, 1934, on account of claimant's permanent partial disability and loss of wage-earning capacity, subject to reconsideration of the degree of impairment by the commission on its own motion or upon application of any party in interest.

"4. That the commission now finds that claimant has suffered a change in condition for the worse since the order of July 9, 1934, and is now permanently and totally disabled due to said accidental injury he sustained on December 13, 1932."

The petitioner assigns six specifications of error and illegality in the award now under review. The errors so assigned are presented and discussed under the following three propositions, to wit:

"I. The evidence in the record fails to show a change in condition since the order first denying additional compensation and also since the original order of July 26, 1934. Further, under the law of this jurisdiction, it is impossible to show a change in condition from permanent total disability.

"II. If and when a change in condition is shown, the date thereof must be fixed at a date subsequent to the last prior order of the commission.

"III. The commission erred in commuting attorney's fees to a lump sum to be taken from the latter end of the award."

Under the first proposition, first advanced, the petitioner urges, in effect, that since respondent had, prior to the corrected order of July 26, 1934, and thereafter, attempted to prove that his disability was permanent and total rather than partial, he was thereby precluded from showing a change in condition. Such is not the law. While it is true that a permanent total disability is the ultimate in disabilities, and where such condition exists it cannot change for the worse so as to authorize an additional award of compensation (Brown Bros. v. Parks, 176 Okla. 615, 56 P.2d 883), the condition must in fact exist before the rule so announced may be invoked. As said in the case of Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P.2d 1082:

"The State Industrial Commission's adjudication of a physical condition is final as to the condition then existing, but it is not final in so far as it predicts the future course of the injury when something new appears therein showing a different condition."

When the Industrial Commission found in its corrected order of July 26, 1934, that the then existing disability of respondent, while permanent in nature, was only partial in extent, such finding was final only as to the condition then existing, and was subject to review thereafter by the Industrial Commission only upon a showing by competent evidence of a change in the condition of the respondent. Section 13362, O. S. 1931, 85 Okla. St. Ann. sec. 28; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P.2d 67; American Oil & Refining Co. v. Kincannon, 154 Okla. 129, 3 P.2d 877; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Texas Co. v. Atkinson, 178 Okla. 480, 62 P.2d 1204. The change in condition must be an actual one and not merely a change in opinion relative to the condition which previously existed (Southern Drilling Co. v. Daley, supra), and must be one in physical condition which causes a decrease in the ability of the injured employee to labor and perform work and must be shown to have occurred since the last prior order of the commission and to be attributable to the original injury. Derr v. Weaver, 177 Okla. 100, 57 P.2d 1153; Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P.2d 7; Commonwealth Mining Co. v. Atterbury, 163 Okla. 294, 22 P.2d

78; Williams Bros. v. State Industrial Commission, 163 Okla. 155, 21 P.2d 487.

While the respondent made repeated efforts to prove that he was totally disabled at all of the hearings held prior to the entry of the present award, this fact merely went to the weight to be given his evidence and the bona fides of his claim of change in condition and in no manner limited the jurisdiction of the Industrial Commission to make a further award upon that ground, should the evidence justify such action. Since the evidence offered by respondent reasonably tended to support an actual change in respondent's condition from one of permanent partial to one of permanent total disability and a consequent loss of all capacity to labor and perform work of a manual or mechanical nature, the contention of the petitioner as first advanced cannot be sustained.

The next contention made by the petitioner is well founded and must be sustained. The award for permanent partial disability was made by corrected order of July 26, 1934, and thereafter the Industrial Commission had before it two applications of the respondent wherein he sought an additional award on account of alleged change in condition. The commission, after hearing the evidence offered in support of said applications, found that no subsequent change in such condition had occurred and denied both of the applications, the last order to this effect being made on July 9, 1936. Therefore, in order to award additional compensation, the commission had to find from the evidence that the change in condition of the respondent had occurred subsequent to the last mentioned date. The rule in such case is announced in Payne Drilling Co. v. Shoemake, 183 Okla. 10, 79 P.2d 806, as follows:

"Where the State Industrial Commission hears a motion to award further compensation on the ground of a change in conditions, and makes an order denying the motion, the order covers the period to and including the date of such order.

"Where the State Industrial Commission has awarded compensation, and thereafter denies a motion to award further compensation, and thereafter hears a later motion to award further compensation on the ground of a change in conditions, and finds a change in conditions, it must fix the date of such change definitely, which must be subsequent to the date of the last order and the compensation ordered paid cannot begin prior to the date of the change found."

It will be noted that in the fourth numerical finding, supra, the commission found that the change in condition of respondent had occurred prior to its last order which had denied an additional award on the ground of change in condition. As above pointed out, the evidence had to definitely show and the commission definitely find when such change occurred.

The final contention of the petitioner, to the effect that the commission erred when, on August 31, 1934, it commuted to a lump sum a portion of the award which it had theretofore made for permanent partial disability, is without merit. That order is not involved in the award here under review, but is entirely foreign thereto.

In view of the action which we are required to take in this matter, it will be unnecessary to discuss the contention presented by the cross-petition of the respondent, since such contention will doubtless receive the proper consideration by the Industrial Commission when called to its attention. On account of the error and illegality above pointed out, and which appears in the award as made, it is necessary that the award be vacated for further proceedings before the commission not inconsistent with the views herein expressed.

Award vacated for further proceedings.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.