PAYNE DRILLING Co. et al. v. SHOEMAKE et al.

97 P. 2d 881.

No. 28922. Nov. 14, 1939.

Rehearing Denied Jan. 16, 1940.

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

Davis & Herring, of Oklahoma City, F. N. Shoemake, of Haskell, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding Payne Drilling Company and its insurance carrier, hereafter referred to as petitioners, seek a review of an award which was made by the State Industrial Commission under its continuing jurisdiction on September 19, 1938 (as corrected Oct. 10, 1938), in favor of V. Shoemake, hereafter referred to as respondent.

This cause was here once before (Payne Drilling Co. v. Shoemake, 183 Okla. 10, 79 P. 2d 806). The prior award was vacated in order to afford the respondent an opportunity to prove, if he could, a change in physical condition subsequent to April 20, 1934, which would sustain the award entered in his favor by the Industrial Commission. Upon receipt of mandate of this court the Industrial Commission conducted further hearings, and at the conclusion thereof made the following findings of fact:

"6th. The commission finds that since the date of the award and order approving the form 14 agreement and also the order denying compensation, that the claimant has had a change in his condition for the worse, and that since April 2, 1935, the claimant's average daily wage is $2.50 per day or a decrease of $12.50 per day since April 2, 1935, which is a result of the permanent partial disability the claimant now has as a result of said accidental injury.

"7th. That as a result of said permanent partial disability, the claimant is entitled to sixty-six and two-thirds per centum of the difference in claimant's average daily wage at the time of said accidental injury, and his wage-earning capacity since April 2, 1935, during the continuance of said impairment, not to exceed 300 weeks, and the respondent and its insurance carrier to be given credit for the amount heretofore paid."

It will be observed that in the sixth finding, supra, the commission undertakes to find that the respondent had a

change in condition between April 8, 1932, when it approved the Form 14 stipulation and agreement, and the entry of its order of April 20, 1934, when it found that he had not had any change in his condition, and also to find a change in condition at some indefinite date thereafter which resulted in a decrease in the wage-earning capacity of the respondent as of April 2, 1935. When the prior award was vacated by this court and the cause remanded to the Industrial Commission, the matter then stood as if nothing had been done subsequent to the order of April 20, 1934. The jurisdiction of the State Industrial Commission to make any further award was then dependent upon a showing by competent evidence that there had been a change in condition of the respondent. Section 13362, O. S. 1931, 85 Okla. St. Ann. § 28; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. 2d 67; American Oil & Refining Co. v. Kincannon, 154 Okla. 129, 3 P. 2d 877; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Texas Co. v. Atkinson, 178 Okla. 480, 62 P. 2d 1204. The change in condition had to be an actual one and not merely a change in opinion relative to the condition which had actually existed prior thereto (Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082), and had to be one in physical condition which had caused a decrease in the ability of the respondent to labor and perform work since the last prior order of the commission and had to be attributable to the original injury. Derr v. Weaver, 177 Okla. 100, 57 P. 2d 1153; Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. 2d 7; Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P. 2d 86; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. 2d 906; Commonwealth Mining Co. v. Atterberry, 163 Okla. 294, 22 P. 2d 78; Williams Bros. v. State Industrial Commission, 163 Okla. 155, 21 P. 2d 487; Brown Bros. v. Parks, 176 Okla. 615, 56 P. 2d 883.

The evidence adduced by the respondent at the hearings held by the commission wholly failed to sustain the burden which rested upon him. The most that can be said for such evidence is that it shows that the respondent was experiencing more pain and discomfort than he had previously had. This court has repeatedly held that such is not compensable. Texas Company v. Roberts, 146 Okla. 140, 294 P. 180; Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235; Shell Petroleum Co. v. Patton, supra. The evidence of respondent shows that insofar as his ability to perform work and labor is concerned, his condition was no different from what it was on April 20, 1934, other than possibly it was some better than it was then, since respondent appears to be now regularly employed and earning more than he was then.

The respondent devotes considerable space and argument in his brief to the contention that the Industrial Commission made a mistake when it approved the Form 14 stipulation between the parties in its order of April 8, 1932. It suffices to say in this connection that if such was the case the Industrial Commission has no authority to rectify the same by a subsequent award based on change in condition where there has been no actual change in the physical condition of the employee. See Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444; Oklahoma Pipe Line Co. v. State Industrial Commission, 149 Okla. 162, 299 P. 180; Southern Drilling Co. v. Daley, supra.

As said in the case of Tulsa Rig, Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

Under the record here presented, the award as made by the Industrial Commission cannot be sustained in that it is unsupported by any competent evidence, and therefore the same is vacated as a matter of law.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, J., concur.