NATIONAL ZINC CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 29905. Dec. 3, 1940.

*107 P. 2d 1005.*

W. R. Withington, of Oklahoma City, for petitioners.

W. F. Hurt and P. A. Sompayrac, both of Bartlesville, for respondents.

RILEY, J. This is an original proceeding to review an additional award for temporary total disability entered in behalf of A. B. Shields on May 14, 1940.

The cause had been closed by the commission April 12, 1939, by its order approving a stipulation and receipt under which payment of compensation was made for two weeks and three days (from December 22, 1938, to January 8, 1939).

In the matter last presented to the commission, Shields claimed for specific injuries, but he did not allege a change in condition.

Dr. Fred Y. Cronk was designated by the trial commissioner to examine Shields and report. According to the report, dated April 25, 1940, Shields' disability continued, but the doctor could not then state whether it was attributable to a pre-existing condition or merely coincidental with it. (R. 89, 90, 91.)

Recommendations were made for treatment. The commission awarded additional temporary total disability under a finding that on January 15, 1939, "the claimant sustained a change of condition as a result of said injury, and again became temporarily totally disabled, and has so been since January 15, 1939, temporarily totally disabled and in need of medical treatment."

It is urged by petitioners that the award should be reversed on authority of Magnolia Petroleum Co. v. Nalley, 161 Okla. 198, 17 P. 2d 390.

Therein there was neither allegation nor proof of a changed condition subsequent to the order closing the case.

Herein there is distinct proof of a continuing total disability found by the commission to be temporary in character. This is supported by the report of Dr. Cronk. Also Dr. E. E. Beechwood filed a report with the commission on April 11, 1939, to the effect that Shields was able to return to work two weeks and three days after date of the injury, December 16, 1938. This doctor testified (R. 48) that when he dismissed Shields as able to return to work his arm was entirely normal. Thereafter this same doctor re-examined Shields in December, 1939, and found him unable "to raise right arm to a right angle to the body, and complains of severe pain when he does it."

It is true this doctor thought the disability not attributable to the accident.

Dr. B. F. Staver testified that he had examined Shields in December, 1939, and again before the hearing, and that there was a nerve injury and limitation of motion of the arm from arthritis or some condition of the joint; that Shields was not able to do manual labor and that the starting of the disability was attributable to the accident, but that while treatment might not effect a cure, it would materially improve the arm. (R. 30.)

On the whole we find substantial evidence to show a changed condition after the last date for which payment was made for temporary total disability. Oklahoma Ry. Co. v. Crabtree, 154 Okla. 196, 7 P. 2d 477.

There was no objection to the evidence showing a changed condition. The pleadings, like the statute applicable to the administrative agency, are to be liberally construed.

The order of April 12, 1939, operated only to partially close the case as of January 8, 1939, the last date for which compensation was paid. In Payne Drilling Co. v. Shoemake, 186 Okla. 345, 97 P. 2d 881, the requirement of changed condition is that it must occur "since the last prior order or award. * · * · *" Herein the changed condition exists and continues subsequent to both the order and award.

A liberal construction impels us to hold that the commission may, under all the facts and circumstances, determine that the changed condition occurred after the date for which compensation was paid.

In the cited case the order closing the cause resulted from a hearing wherein it was found from the evidence that no changed condition existed.

Herein the order partially closing the case was based solely on the stipulation and receipt and related back to that date. Award affirmed.

BAYLESS, C. J., and OSBORN, HURST, GIBSON, DAVISON, and NEFF, JJ., concur. WELCH, V. C. J., and CORN, J., absent.