WHITE et al. v. SHELL OIL CO., Inc., et al.

No. 31293. Dec. 14, 1943.

*143 P. 2d 825.*

John T. Cooper, of Wewoka, for petitioners.

Geo. W. Cunningham, Ralph J. May, and John H. Wenzel, all of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Sallie M. White, the widow, and Clytha White, the minor daughter, of Walter M. White, deceased, hereinafter referred to as petitioners, to obtain a review of an order of the State Industrial Commission entered on January 9, 1943, which modified and affirmed an order made by trial commissioner on October 19, 1942, and which latter order denied the application of the petitioners to change from a permanent partial to a permanent total an award which had been made by the State Industrial Com-

mission on April 17, 1935, in favor of their decedent, Walter M. White, and against Shell Petroleum Corporation, now Shell Oil Company, hereinafter referred to as respondent.

The facts essential to a decision will be briefly stated: On July 14, 1930, Walter M. White, the husband and father of the respective petitioners, filed with the State Industrial Commission a claim to compensation for a permanent total disability alleged to have been sustained as the result of a compensable injury. The employer, Shell Petroleum Corporation, denied liability upon the ground that the disability had been sustained as the result of disease and not as the result of any accidental injury. The State Industrial Commission conducted hearings to determine liability and extent of disability, and at the conclusion thereof found that the said Walter M. White was permanently and totally disabled, and that he had sustained a compensable injury on March 19, 1930, and that as a result of said injury he had a 60 per cent permanent partial disability, and awarded compensation therefor in accordance with the schedule provided for disabilities which came under the "other cases" provision of the statute as it then existed (O. S. 1931 § 13356, subd. 3). On review this court sustained the award as being one which the State Industrial Commission had jurisdiction to make. See Shell Petroleum Corporation v. White, 176 Okla. 573, 56 P. 2d 830. The award thereupon became final and was paid and satisfied in full. Thereafter, on December 5, 1936, the claimant, Walter M. White, filed with the commission a motion for reconsideration of the degree of impairment and for an award commensurate with the claimed disability. No action was taken upon this motion. Thereafter, on August 5, 1938, the claimant, Walter M. White, filed with the commission a motion to reopen the cause and to award further compensation upon the ground of an alleged change in condition. The employer, Shell Petroleum Corporation, thereupon filed an answer in which it challenged the claim of change in con-

dition. The claimant, Walter M. White, thereupon filed a response in which he confessed his inability to prove any change in his condition and in which he urged the commission to change the previous award from one of permanent partial disability to one for a permanent total disability. Neither the parties nor the commission took any further action in the matter, and on June 30, 1941, the claimant, Walter M. White, departed this life. Thereafter, petitioner, Sallie M. White, as the surviving spouse, and in behalf of herself and the next of kin of decedent, instituted an action against the Shell Petroleum Corporation to recover damages for the alleged wrongful death of the decedent. This action was tried and resulted in a judgment in favor of the defendant. On April 28, 1942, petitioners then sought a revivor of the proceeding before the State Industrial Commission for a further award based upon permanent total disability on the ground that the original award was erroneous. The application to revive was denied by trial commissioner on June 19, 1942. The petitioners thereupon appealed to the State Industrial Commission, which vacated the previous order, revived the proceeding, and directed that the petitioners be heard upon their application for a further award. The petitioners thereupon produced their evidence in support of their application, and which evidence consisted principally of the records of the commission and depositions which had been taken for use in the action which had been brought to recover damages alleged to have been occasioned by the wrongful death of the said Walter M. White. At the conclusion of the evidence so adduced the trial commissioner denied the application for a further award in an order which contained the following findings of fact:

"That on April 17th 1935 there was made and filed herein an Order wherein it was found that the claimant, Walter M. White, was totally and permanently disabled and had been since the date of his accidental personal injury involved herein, to wit: March 19th, 1930, and further finding that as a re-

sult of said injury claimant sustained a permanent partial disability of 60 per cent, and awarded claimant compensation at the rate of $10.00 per week for a period of not to exceed 300 weeks, being compensation for 60% permanent partial disability and decreased wage-earning capacity; which said Order and Award was appealed to the Supreme Court of the State of Oklahoma, was subsequently sustained by the Supreme Court, and claimant was paid the compensation therein provided for.

"2.   That on September 5th, 1942, there was filed herein an Order wherein it was found that the claimant, Walter M. White departed this life on June 30th, 1941, and that his death was not the result of the accidental injury involved herein, and said cause was ordered revived in the name of Sallie M. White, surviving widow of Walter M. White, deceased, and Clytha White, surviving minor daughter of the said Walter M. White, deceased.

"3.   The Commissioner further finds that the Order and Award made herein on April 17th, ·1935, subsequently appealed to the Supreme Court and by the Supreme Court affirmed, is a final Order and Award herein and cannot be changed, modified or corrected by this Commission at this time, and that the Motion for Order Nùnc Pro Tunc or upon the record herein should be denied.

"4.   The Commissioner further finds that the evidence presented herein by the surviving widow of the claimant, in whose name this cause has been revived, for the use and benefit of herself and minor daughter, Clytha White, before Trial Commissioner B. E. Harkey, is wholly insufficient to show that the claimant, subsequent to April 17th, 1935, and prior to his death, had suffered a change of condition for the worse, as a result of his accidental personal injury of March 19th, 1930; the Order of April 17th, 1935 having found that claimant, Walter M. White, was permanently and totally disabled, as a matter of fact and as a matter of law, said surviving widow could not show a change of condition for the worse, for the performance of ordinary manual labor, and, therefore, the motion to reopen this cause and award additional compensation on the ground of change of condition for the worse should be denied."

On appeal to the State Industrial Commission sitting en banc, the order of the trial commissioner was modified and affirmed so as to read as follows:

"The Commission finds that the order and award made herein on April 17th, 1935 and subsequently appealed to the Supreme Court and by the Supreme Court affirmed, and the Commission's Mandate Order issued thereon as of May 6th, 1936, is a final order and award herein and cannot be at this late date changed, modified or corrected by the Commission, and that each and every motion filed herein on behalf of the claimant or his dependents upon revivorship hereof, requesting any form of a modified or corrected order or requesting an order Nunc Pro Tunc, should be overruled and denied. The Commission further finds that the language used in the order and award entered herein on April 17th, 1935, as follows: 'That the claimant, Walter M. White, is totally and permanently disabled and has so been since the date of the accidental injury,' is of a general nature and not the basis of the actual order and award made therein, and by reason thereof such language is superfluous and inadvertent language used in such order and not in any manner controlling on the issues herein.

"The finding of fact No. 4 contained in said Order of October 19th, 1942, should be modified to read as follows:

"4.   The Commission further finds that the evidence presented herein by the surviving widow of the claimant, in whose name this cause has been revived. for the use and benefit of herself and her minor daughter, Clytha White, is wholly insufficient to show that the claimant, subsequent to April 17th, 1935, and prior to his death, had suffered a change of condition for the worse as a result of his accidental personal injury of March 19th, 1930, and that by reason thereof all motions pending in this matter to reopen this cause and award additional compensation on the grounds of a change of condition for the worse should be denied.

"The Commission further finds that said Order of October 19th, 1942, should be further modified by the insertion of the following ordering portion thereof:

"It is further ordered that the motion to reconsider the degree of impairment,

the motion to reopen because of a change of condition and to correct and modify the award, and the motion for judgment on pending motions and upon the record, and any and all similar motions or amended motions filed herein or dictated in the record herein by the claimant or on his behalf, or on behalf of his dependents and survivors, requesting in any manner a modification or correction of said award, or requesting a nunc pro tunc order herein, be and the same are hereby overruled and denied.

"The Commission further finds that upon the modification of the Order made and filed herein by Commissioner Harkey on October 19th, 1942 as hereinabove set out, the same should be affirmed and adopted and made the order of this Commission on appeal herein."

The petitioners as grounds for the vacation of the order so made submit and urge the following propositions:

"1. When the Industrial Commission makes two inconsistent findings of fact, one of them based upon strong undisputed evidence of all the witnesses on both sides the case, and the other one is void of any foundation in fact whatsoever, the latter should be set aside.

"2. An erroneous order of the Industrial Commission contained in an award does not constitute a finding of fact which becomes final if not appealed from within thirty days.

"3. The Industrial Commission has jurisdiction to increase an award where permanent total disability has been adjudged, though former award for partial disability has been affirmed by the Supreme Court, and no cross-petition had been filed. The doctrine of res adjudicata and estoppel are inapplicable against the second award."

As supporting the first of the above propositions petitioners direct our attention to Century Indemnity. Co. v. Chamberlain, 152 Okla. 158, 4 P. 2d 79; National Tank Co. v. Gold, 185 Okla. 574, 95 P. 2d 235; Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444; Board of County Commissioners of Oklahoma County v. State Industrial Commission, 177 Okla. 645, 61 P. 2d 730; Brown Bros.

v. Parks, 176 Okla. 615, 56 P. 2d 883; Noel v. Kozak, 148 Okla. 210, 298 P. 298; Lane & Wasson Co. v. Wright, 126 Okla. 53, 258 P. 728; and to Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, as supporting the second proposition; and to Amerada Pet. Corp. v. Williams, 134 Okla. 177, 272 P. 828, and Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, as supporting the third proposition. An examination of the cases cited will reveal that they differ in fact and principle from the case under review, in that they either deal with situations where an original award was here for review, or else where an award made under the continuing jurisdiction of the State Industrial Commission on the ground of change in condition was involved. Petitioners apparently lose sight of the effect of our decision in Shell Pet. Corp. v. White, supra, wherein we said:

"Where, in a proceeding before the State Industrial Commission to obtain an award for compensation under the Workmen's Compensation Law, the evidence is conflicting as to whether the disability of the employee is due to disease or to an accidental injury, and there is competent evidence to support either theory, an award based on accidental injury is within the jurisdiction of the commission and will not be disturbed by this court on review."

Where an award has been reviewed and sustained by this court, the matters therein decided become res judicata insofar as the parties and their privies are concerned. See Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P. 2d 579. It is likewise well settled that where an award or decision of the State Industrial Commission has become final, it is not thereafter subject to review for errors alleged to have been made therein. Smith v. Oklahoma Portland Cement Co. 191 Okla. 12, 126 P. 2d 718. And that the State Industrial Commission may not, under the guise of its continuing jurisdiction to reopen a cause on change of condition, change or modify a prior award where the effect is merely to correct an error in the original award. See Payne Drilling Co. v. Shoemake, 186 Okla. 345, 97 P. 2d 881. It is like-

wise settled that where an award for permanent disability has been made that the continuing jurisdiction of the State Industrial Commission thereafter is confined to cases where a change in condition occurs. See Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. 2d 7; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. 2d 907; Texas Co. v. Atkinson, 178 Okla. 480, 62 P. 2d 1204; Indian Terr. Ill. Oil Co. v. State Industrial Commission, 185 Oklá. 72, 90 P. 2d 298.

The claim of petitioners to any further compensation was based upon the predicate that the award of April 17, 1935, should have been made for a permanent total disability and not upon any change in condition which occurred subsequent thereto and which had resulted in any further disability. Under such circumstances, the State Industrial Commission proceeded properly when it denied the claim of petitioners.

Order sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.