STANDARD BRANDS, Inc. and Employers'
Liability Assurance Corporation,
Ltd., Petitioners,

v.

Opal Jean GREGOR and the State Indus-
trial Commission of the State of Okla-
homa, Respondents.

No. 38024.

Supreme Court of Oklahoma.

July 15, 1958.

Fisher & O'Toole, Oklahoma City, for
petitioners.

F. L. Arvin, Enid, Wm. G. Smith,
Oklahoma City, Mac Q. Williamson, Atty.
Gen., for respondents.

JOHNSON, Justice.

On July 8, 1952, Opal Jean Gregor
filed a claim for compensation against
Standard Brands, Inc., referred to as peti-
tioner herein, and its insurance carrier,

Liability Assurance Corporation, Ltd., referred to herein as insurance carrier, stating that on May 22, 1952, while in the employ of petitioner and engaged in the course of her employment she sustained an accidental injury consisting of an injury to her back causing some disability to her person; that the injury occurred when she reached up to turn off an electric motor on an egg machine and slipped and fell to the floor.

On May 21, 1953, an order was entered by the Commission ordering payment of temporary total compensation to claimant at the rate of $21.54 per week, such payments to continue not to exceed three hundred weeks or until further order of the Commission and ordered petitioner to furnish claimant further medical treatment. On July 31, 1953, claimant was operated and a fusion type operation done to her back.

On August 9, 1954, the trial judge entered an order terminating temporary compensation as of June 1, 1954, and fixing claimant's permanent partial disability at 45 percent to the body as a whole. The award was modified by the Commission en banc on October 15, 1954, by reducing disability sustained by claimant from 45 percent permanent partial disability to 35 percent and awarded claimant compensation in the sum of $3,769.50.

This award has been fully paid and satisfied.

On March 22, 1956, claimant filed a motion to reopen and for additional compensation because of change of condition for the worse. The trial judge on September 18, 1956, denied her motion on the ground that the evidence failed to show any change of condition prior to the entry of the last award. This order was sustained on appeal to the Commission en banc on November 17, 1956.

On December 21, 1956, claimant filed her second motion to reopen on the ground of change of condition, and the trial judge, after hearing the evidence on said motion and on June 11, 1957, found the evidence sufficient to sustain claimant's contention that since the last prior order she suffered a change of condition for the worse, found her permanently totally disabled and entered an award in her favor for temporary total compensation payable at the rate of $21.54 per week, not to exceed 300 weeks, or until further order of the Commission and ordered and directed that petitioner furnish her further and additional medical treatment, which award was sustained on appeal to the Commission en banc.

Petitioner and its insurance carrier bring the case here for review and in their proposition no. 1 contend:

"The State Industrial Commission is authorized to make an additional award on the ground of change in condition only when the proof shows that there has been a physical change in the ability of the employee to perform the duties of his employment and that such change has occurred since the last prior order of the Commission."

We have on many occasions held, as stated in Sinclair Refining Company v. Duncan, Okl., 297 P.2d 563:

"Where an injured employee seeks an additional award for an injury which is compensable under the Workmen's Compensation Law he has the burden of proving that there has been a change in his physical condition which has lessened his ability to labor and perform work and that such change has occurred since the last prior award and is attributable to the original injury."

■ Under these authorities before claimant can recover additional compensation because of change in condition for the worse, the burden is upon her to show that since the last prior order or award of the Commission she has suffered a change of condition for the worse which has lessened her ability to do ordinary labor and work and that such disability is due to the original injury.

85 O.S.1951 § 28, in part provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, * * *."

Counsel for claimant in their brief point out that the statute makes no mention of the phrase "last prior order or award of the Commission" and assert it is obvious that the meaning of the legislature in passing said section of the statute and the subsequent interpretation of the Supreme Court in the use of the term "last prior award" when used in connection with change of condition refers to the last prior order awarding compensation or fixing liability and contend that in order to recover it is not necessary for them to establish that change of condition took place subsequent to the former order of the Commission denying additional compensation, but is sufficient if the evidence discloses that such change took place since the last prior award of the Commission awarding compensation and fixing liability. We do not agree. No authorities are cited to sustain such contention.

While it is true that in passing upon such question and in fixing the time upon which change of condition must occur in order to authorize recovery, the Court on occasion uses the term "such change must be shown to have taken place subsequent to the last prior award of the Commission." Sinclair Refining Company v. Duncan, supra. Also in such cases we have used the phrase "subsequent to the last prior order of the Commission." Phillips Petroleum Co. v. Clark, 203 Okl. 561, 224 P.2d 597, 598. And again we have used the expression subsequent to the last prior order or award of the Commission. Payne Drilling Co. v. Shoemake, 186 Okl. 345, 97 P.2d 881.

We have also on different occasions held that where the State Industrial Commission has awarded compensation and thereafter denies a motion to award further compensation, and thereafter hears a later motion to award further compensation on the ground of change in conditions, and finds a change in conditions, it must fix the date of such change definitely, which must be subsequent to the date of the last order, and the compensation ordered paid cannot begin prior to the date of the change found. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 68, 89 P.2d 933; Payne Drilling Co. v. Shoemake, 183 Okl. 10, 79 P.2d 806.

From these cases we conclude that in order that claimant may recover additional compensation because of change in condition for the worse she must establish that the change occurred subsequent to the last prior order or award of the Commission, whether that be an award awarding compensation or whether it be an order denying compensation.

Claimant, however, further contends that even though in order to recover additional compensation it is necessary for her to establish that a change in condition took place subsequent to the last order of the Commission denying additional compensation, the evidence offered is sufficient to establish such fact and sufficient to authorize recovery. With this contention we agree.

Claimant at the present hearing testified as to the prior awards heretofore entered by the Commission; that she sustained an injury at the time and in the manner stated in her claim; that shortly after her injury she called on Dr. B who examined her and placed her in a cast which she wore about three weeks when the cast was removed; but due to the pain in her back as the result of her injury she returned to the doctor who again examined her and recommended an operation. She was then operated for the condition to her back, but she is still suffering pain in the back and still is unable to do ordinary work or labor; that she has had considerable pain since the operation; that the pain developed in her legs and

through her hips and is more severe than it ever has been; that since the prior order was entered denying her compensation, her pain has gradually increased and the difficulty in her legs and thighs has become more severe to the extent that she is now unable to do any type of work.

Dr. B testified that he first saw and examined claimant in September of 1952, again on October 30, 1954, and later in October of 1956, and thereafter continued treating her for her condition. He examined claimant both before and after the operation. On his October, 1956 examination he found conditions that did not exist prior thereto. The last examination disclosed three-eighths inch atrophy of the left thigh which did not appear in prior examinations. In March, 1954, he found some motion in the area of the attempted fusion, but when he examined her in 1956 he found not only the motion in the back but also found that she was in need of treatment to such extent that he applied a plaster of paris cast. The reason for applying the cast was to help her condition and give her more stability. The doctor further testified:

"Doctor, going back to the various dates of these examinations after she was operated on and you having seen her in 1954, she came back to you sometime around the 1st of November, 1956, for examination and treatment, do you feel, doctor, the time back in 1954 when you made an examination and November 1, 1956, that there has been any material difference?

"I feel definitely that the patient has symptoms referable to her back and it is hard to state that there has been a great increase, but I think that she has certainly continued to have enough symptoms that she warrants further treatment. Because there has been a two (year) period there, you see.

\* \* \* \* \* \*

"Doctor, going back to when she came to you in November 1, 1956, I think she has been under your care almost continuously from that time until the present, is that correct?

"She has been seeing me almost continuously, yes.

"What is your opinion whether or not on November 1, 1956, or from that time, do you feel that she is temporarily totally disabled to perform ordinary manual labor during this period of time up to the present time?

"I believe one would have to estimate that she was."

Petitioner offered medical evidence tending to show that claimant had sustained no change of condition for the worse subsequent to the entry of the last prior order, and that she had completely recovered from her condition and was able to return to work.

While the evidence is in conflict in this respect, we think the evidence of Dr. B when considered in connection with the evidence of claimant is sufficient to sustain the award.

In Sappington-Hickman, Inc., v. State Industrial Commission, Okl., 262 P.2d 707, under facts very similar to the facts in this case, we sustained an award awarding claimant additional compensation because of change in condition for the worse. In that case we held:

"The State Industrial Commission is authorized to make an additional award on the ground of a change in condition when the proof shows that there has been a physical change for the worse in the condition of the employee due to the original injury and that such change has occurred since the last prior order of the commission and resulted in additional disability."

Award sustained.

CORN, V. C. J., and DAVISON, HALLEY, and WILLIAMS, JJ., concur.

BLACKBIRD, J., concurs in result.