**DIERKS FORESTS, INC., Petitioner,**

v.

**McCurtain RICHARDS and State Industrial Court, Respondents.**

**No. 41593.**

Supreme Court of Oklahoma.

Feb. 8, 1966.

Opinion Corrected and Rehearing Denied
May 17, 1966.

Elbert Cook, DeQueen, Ark., Tom Finney, Idabel, for petitioner.

Carl W. Davis, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BERRY, Justice.

On November 4, 1960, the claimant, Mc-Curtain Richards, sustained an accidental injury while in the employ of Dierks Forests, Inc. Following a hearing, the State Industrial Court entered an order dated February 14, 1961, which found that the claimant had sustained 100 per cent permanent partial disability to his right arm and a 10 per cent permanent partial disability to his body as a whole, as a result of the accidental injury. The order of February 14, 1961, became final and the compensation awarded by the order was paid in full.

On September 17, 1962, the claimant filed a motion to reopen on a change of condition, contending that his disability worsened. Thereafter, on October 29, 1962, a hearing was held on the claimant's motion. On July 7, 1965, the State Industrial Court adopted and affirmed the order of the trial judge, which found that since the entry of the order dated February 14, 1961, the claimant had suffered a change in condition for the worse, and further found that the claimant was totally and permanently disabled as a result of the above injury and awarded compensation accordingly.

The petitioner brings this original action for review of the last mentioned order of the State Industrial Court.

For reversal, the respondent argues under three propositions, that the claimant's evidence was insufficient for the State Industrial Court to find that the claimant's condition had changed for the worse and thus, the order for additional compensation was not justified by the evidence.

█ This Court has adhered to the rule that a finding of the State Industrial Court as to the extent of the disability due to a change in condition of an injured employee is a question of fact and when supported by competent evidence will not be disturbed on review. Spartan Aircraft Company v. Stockton, Okl., 370 P.2d 13. This requires a review of the evidence to determine if there is competent evidence to support the order of the State Industrial Court.

Dr. F testified for claimant prior to the original award; and also testified for the claimant in the instant proceedings. Petitioner contends that Dr. F's testimony does not show a change of condition but rather shows that the claimant was totally disabled at the time of the hearing for the original award and at the time of the present hearing.

A comparison of the medical report by Dr. F must be made to determine if there is medical evidence showing a change of condition. In the instant case, Dr. F states that "the patient's condition is worse than on prior examinations." When Dr. F's report in the instant case is compared with his report for the original award, these additional findings are made concerning the claimant: (1) had stiffness and limitation of motion in the knees; (2) suffered loss of hearing; (3) had developed a soft cardiac murmur; (4) and x-rays revealed additional arthritic changes throughout the areas of the cervical spine, lumbar spine and both knees. These are findings which were not made in his first medical report. Dr. F. also states that, "The patient has developed increasing arthritic changes and increasing general difficulty from the effect of these injuries."

Petitioner cites Brown Bros. v. Parks, 176 Okl. 615, 56 P.2d 883; and Texas Co. v. Atkinson, 178 Okl. 480, 62 P.2d 1204, as being controlling of the issues in this case. In the Brown case, supra, there had been a prior determination that no permanent disability resulted from the claimant's injury and that his disability was caused by epilepsy, which was not the result of, nor aggravated by, the injury. Upon a motion to reopen the case on change of condition, the State Industrial Court entered an or-

der finding that the claimant was permanently and totally disabled. In vacating the award we said that the record showed the claimant to be totally and permanently disabled at the time the State Industrial Court previously entered an order denying the claimant's motion to reopen, and there can be no increase of disability in such case.

The petitioner in the instant case contends that the facts in the Brown case, supra, are identical to those in the instant case, i. e., that the claimant was totally disabled at the time of the hearing for the original award and totally disabled in the instant proceeding. However, petitioner misconstrues the Brown case, supra. There the claimant's total disability was brought about by epilepsy and not from the injury.

In Texas Company v. Atkinson, supra, the claimant was being paid compensation for temporary total disability for an injury to his eye. Upon a motion by the employer to discontinue payments and after a hearing, the State Industrial Court entered its order sustaining the motion. The claimant had contended that the infection from his eye had settled in his kidneys, rendering him totally disabled. Thereafter the claimant filed a motion to reopen the case on a change of condition, contending again that infection from his injured eye had settled in his kidneys rendering him totally disabled. The State Industrial Court found in favor of the claimant and ordered compensation accordingly. In vacating the order, this Court said that the claimant was totally disabled as a result of trouble with his kidneys and that the State Industrial Court had previously determined that claimant's kidney ailment was not connected with the injury to his eye, and therefore the State Industrial Court was not authorized to make an additional award since there could be no change for the worse within the meaning of the Workmen's Compensation Law. This case is distinguishable from the facts in the instant case. In the Texas Company case, supra,

the claimant was found to be totally disabled but such disability was caused by an ailment to the kidneys which was not caused nor attributable to the injury to the eye. In the instant case, the claimant merely put on evidence that he was totally disabled but was found to have sustained 10 per cent permanent partial disability to the body as a whole. There is no evidence but that the claimant's disability is the result of the original injury.

■ We have previously held that a doctor, who in a prior hearing before the tribunal evaluates the disability of a claimant as being permanent and total, is not incompetent, as a matter of law, to testify in a subsequent proceeding that there was an interim change in the claimant's condition as a result of which the aggregate compensable disability has increased to permanent total. Wade Lahar Construction Company v. Howell, Okl., 376 P. 2d 221.

■ In the instant case, Dr. F testified that the claimant's condition is worse than on prior examinations and makes findings of disabilities not revealed in the prior report and states that the claimant is totally and permanently disabled. The State Industrial Court, and not the Supreme Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony. Spartan Aircraft Company v. Stockton, supra.

■ The State Industrial Court found that the claimant herein suffered a change for the worse to the extent that he is totally and permanently disabled, and found that such disability was attributable to his original injury. We hold that such findings are supported by competent evidence.

Because of our holding herein it is unnecessary to discuss the infirmities, if any, of claimant's other medical evidence.

Award sustained.