EASTERN MATERIALS COMPANY and the
State Insurance Fund, Petitioners,

v.

Verlon ROBINSON and the State Industrial
Court of the State of Oklahoma,
Respondents.

No. 43545.

Supreme Court of Oklahoma.

July 14, 1970.

Rehearing Denied Sept. 8, 1970.

Sam Hill, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Stipe, Gossett & Stipe, McAlester, for respondents.

JACKSON, Justice:

This is an original proceeding for the review of an order of the State Industrial Court awarding claimant an additional twenty five percent permanent partial disability, based upon a change of condition for the worse.

Petitioners in this court, the employer and insurance carrier, argue in effect that strictly as a matter of mathematics, the award based on change of condition is not supported by competent evidence.

For reasons set out below, this argument must be sustained. The injury to claimant was a back injury, and it is conceded that the following rule is applicable.

"When a disability for which compensation is sought is of such character as to require a determination of its nature, cause and extent by skilled and professional persons, proof thereof must be made by the evidence of such persons, and in the absence of such evidence on which to base an award, the award will be vacated." Glaspey v. Dickerson, Okl., 350 P.2d 939.

Although there were several hearings and orders in this case, which was instituted in 1965, our task in summarizing the evidence is simplified by the fact that in all of the hearings, the same expert witness, Dr. R, gave the only evidence for claimant on the question of the percentage of his permanent partial disability. In all hearings, the evidence given by medical experts for employer and insurance carrier indicated a lesser percentage of disability, or none at all. Claimant's award must therefor be supported, if at all, by the testi-

mony of Dr. R. We therefore summarize the testimony of Dr. R in the hearings in support of the various orders, which we have numbered, and to which we shall refer for convenience hereinafter by number.

1. On the original claim, Dr. R's testimony (a letter-report) may be tabulated as follows:

45% permanent partial disability—

15% due to a "pre-existing congenital disturbance"; 30% due to the injury.
On this evidence, the State Industrial Court entered the first order on July 20, 1966, for 15% permanent partial disability, consisting of a back injury "aggravating a congenital condition". This award was later commuted to a lump sum on motion and paid in full.

■ 2. On a motion to re-open on change of condition for the worse, Dr. R's testimony as to permanent partial disability was as follows:

15% due to congenital condition;

45% due to the injury.
On this evidence, the State Industrial Court found that there had been no change of condition and denied an award. This order (the second order) had the effect of establishing as a matter of law that at that time there had been no change for the worse since the original award was made. For the reasons discussed in Standard Brands v. Gregor, Okl., 328 P.2d 181, any subsequent award for change of condition for the worse could only be based on expert testimony of such a change since the date of this order.

3. On a motion to re-open for the purpose of obtaining the payment of temporary total disability, Dr. R testified that claimant was temporarily totally disabled and did not mention permanent partial disability. A "300 week" order (the third order) for the payment of temporary total disability was entered.

4. About seven months later, employer and insurance carrier filed a motion to dismiss the "300 week" order and assess the degree of permanent partial disability. At the hearing on this motion claimant stipulated that his temporary total disability had ended and joined in the request that permanent partial disability be determined. For the claimant, Dr. R testified that the permanent partial disability due to the injury was now 60%; his letter-report, which was supplementary in nature, did not mention the pre-existing congenital condition. On this evidence, an order (the fourth order) was entered awarding claimant an additional twenty five percent permanent partial disability, and the petitioners, employer and insurance carrier, seek the review thereof in this court.

■ We agree with the argument that the testimony of Dr. R does not support the additional award. Before the second order, Dr. R's opinion was that claimant's permanent partial disability due to the injury was 45%. Before the fourth order (the one under review) his opinion was that it was 60%. The difference of 15% will not support an additional award of 25% and for that reason the order must be vacated and the cause remanded to the State Industrial Court for further proceedings. For a case involving a similar situation, see Cherokee Togs v. Briggs, Okl., 444 P.2d 208.

In addition, we find other reasons why the award cannot stand. The fourth order was by its terms based on a finding that there had been a change of condition for the worse *since the first order*. For reasons previously mentioned, and in accordance with the rule from Standard Brands v. Gregor, supra, any award based on change of condition for the worse in this case must be based on a finding that such a change occurred since the *second* order.

Also, the finding of change of condition for the worse in the fourth order was in the following language:

"That the jurisdiction of this Court has been established by previous orders, the latest of which determined that claimant had suffered a change of condition

 

for the worse since the order of July 20, 1966 * * *".

The "latest" order referred to was the third order. Although the third order did contain a finding that there had been a change of condition for the worse, the change referred to was a change to temporary total disability; permanent partial disability was not mentioned, perhaps because the issue of permanent partial disability was not before the court at that time.

For all of the above reasons, the award is vacated and the cause is remanded to the State Industrial Court for further proceedings, not inconsistent with the views herein expressed, to determine the present extent of claimant's permanent partial disability due to his injury.

All the Justices concur.